IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Adam Davis<br>3827 Cemetery Hill Road, Carrollton, TX 75007<br><br>　　　　　　Plaintiff,<br><br>　　　　Vs.<br><br>NUU MOBILE, through its owner Michael Sitt, 4343 W Royal Ln suite 120, Irving, Texas 75063<br><br>　　　　　　Defendant | )<br>)<br>) COMPLAINT **AGAINST NEGLIGENCE FOR DAMAGES**<br>) **AND FOR MONETARY**<br>) **JUDGEMENT**<br>)<br>)<br>)<br>) Civil, ACTION CASE NO: 4:21CV701 SDJ/CAN |

FILED
SEP 1 0 2021
Clerk, U.S. District Court
Eastern District of Texas

## COMPLAINT

This is a civil action/The Damages suit is based on the fact of the negligence at workplace and company's unprofessional safety measures during covid -19.

### PARTIES

1. **Plaintiff** ("plaintiff) Adam Davis is a natural person with his residence at 3827 Cemetery Hill Road, Carrollton, TX 75007

2. **Defendant** NUU MOBILE, through its owner Michael Sitt, 4343 W Royal Ln suite 120, Irving, Texas 75063

Plaintiff alleges, that due to defendants none compliance of State law, local ordinances, and basic health and safety standards in the workplace, including CDC guidelines and other minimum public health standards necessary to prevent the spread of COVID-19, the PLAINTIFF along with his entire family contracted with covid-19 hence filed this suit for the recovery of damages.

## JURISDICTION AND VENUE

3. Venue is appropriate in Dallas, County, Texas because all or a substantial part of the conduct giving rise to the causes of action were committed in Dallas, County, Texas and because Plaintiff and its insured property, which are the subject of this suit are in Dallas County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## FACTS

4. That under the applicable standard of CDC and U.S. Occupational Safety and Health Act of 1970 (29 U.S.C. § 654, 5(a)), the Defendant is required to provide the coworkers and a place of employment free from recognized hazards that cause or are likely to cause death or serious physical harm.

5. That On August 01, 2021 the plaintiff first informed the Human Resource Manager about his concerns, the manager treated plaintiff negatively by ignoring the plaintiff and further ignored plaintiffs' requests to place plaintiffs fiancé and plaintiff in the same work schedule to minimize the days in which someone is out of the house thus reducing the chances of being in contact with the virus.

6. On August 02,2021 the plaintiff raised the issue that the plaintiff has a toddler and would be safe to work from home. But the plaintiff request refused.

7. On or around August 03, 2021, the plaintiff was infected with covid 19. the covid 19 confirm result is attached as Annexure 'A" due to NUU mobiles (hereinafter the company/'s) failure to provide a safe, free of hazards workplace and due to companies unprofessional behavior and ill safety place for work. Due to the said reason and the medical condition of the plaintiff the plaintiff decided to resign the job.

8. The U.S. Occupational Safety and Health Act of 1970 (29 U.S.C. § 654, 5(a)), the company is required to provide coworkers and a place of employment free from recognized hazards that cause or are likely to cause death or serious physical harm. COVID-19 is a lethal infectious disease, and its spread has resulted in a global pandemic.

9. The defendant despite of the plaintiff request did not change the work schedules and did not Set up alternating work schedules to minimize people in the workplace on the same day, also did not set up physical barriers between employees, and between employees and customers, using strip curtains, plastic barriers, or similar materials.

10. That as a direct and proximate result of the breaches of the applicable standard of safety and negligence by the Defendants, the plaintiff suffered with covid -19 and had also suffered with a huge amount of expenses.

11. The Centers for Disease Control and Prevention ("CDC") standards provide that an employer, such as Defendant, should take additional precautions to prevent the spread of COVID-19. But the defendant failed.

12. That due to the negligent conduct of the defendant the plaintiff has severely affected with the Covid-19 the global pandemic and the expenses being suffered by the plaintiff is as under

| | |
|---|---|
| Travel costs | $20,000.00 |
| Lost wages | $500,000.00 |
| **Total special damages** | **$520,000.** |

## COUNT ONE

## NEGLIGENCE – FALURE TO PROVIDE A SAFE WORKPLACE

13. PLAINTIFFS restate and reaver each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

14. That on or about August 02, 2021, Defendant breached the applicable standard of CDC guidelines and other minimum public health standards necessary to prevent the spread of COVID-19, which proximately caused a physical injury to the plaintiff along with his family suffering with covid-19 and other damages.

15. WHEREFORE: The Plaintiff, claims monetary damages against Defendant in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. PLAINTIFFS restate and reaver each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

17. That due to the negligence and none compliance of CDC requirements of Defendant the plaintiff resulted in contracting COVID-19, and had severely affected with pain and sufferings, emotional distress and future lungs continuous issues and mental anguish. As a result, the plaintiff claims the damages.

## COUNT THREE

### PUNITIVE DAMAGES

18. PLAINTIFF restate and reaver each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19. DEFENDANTS' conduct was conscious, deliberate, intentional, and/or reckless in nature.

20. DEFENDANTS' conduct was undertaken in a state of mind, which evidences hatred, ill

will,

21. DEFENDANTS' conduct evidences a conscious disregard for the rights of other persons and has a great probability of causing substantial harm

22. As a result, PLAINTIFF is entitled to punitive damages and attorneys' fees.

WHEREFORE, PLAINTIFF demands,

A. For damages as an actual damage with the total amount of **$1,000,000.00**
B. For a damage a punitive damage of $50,000.
C. For costs, interest and attorney's fees; and,
D. For any other relief that this court deems just and appropriate.

**Adam Davis**
3827 Cemetery Hill Road, Carrollton, TX 75007

*adam davis*
614-726-0370

**Respectfully submitted,**